**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIAOYUN XIA, | No. 10-70908 |
| Petitioner, | Agency No. A098-445-295 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2014[**]
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

**1.** The Board of Immigration Appeals (BIA) correctly concluded that Xia

filed her asylum application outside the one-year filing deadline and cannot show

extraordinary circumstances to excuse her delay. *See* 8 C.F.R. § 1208.4(a). Xia

arrived in the United States in May of 2002, but she did not file her asylum

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application until March 1, 2005. She argues that her delay in filing was caused by the disappearance of the lawyer she hired to prepare her asylum application. But she discovered that the lawyer had disappeared in November 2003, and she still did not file her asylum application until fifteen months later. The reasons for that fifteen-month delay—lack of familiarity with immigration laws and her attorney's disappearance—do not constitute extraordinary circumstances excusing the delay. *See Al Ramahi v. Holder*, 725 F.3d 1133, 1138–39 (9th Cir. 2013).

**2.** The BIA found that Xia failed to establish a nexus between her mistreatment and a protected ground. But after the BIA issued its decision, we decided *Hu v. Holder*, 652 F.3d 1011 (9th Cir. 2011). That case involved a withholding claim similar to Xia's, and analyzed the nexus requirement in the context of a labor demonstrator arrested for disturbing the peace. *Id.* at 1014, 1019. In light of this intervening precedent, we remand Xia's withholding of removal claim to the BIA so that the BIA can reconsider whether Xia has met the nexus requirement. *See Pannu v. Holder*, 639 F.3d 1225, 1227–29 (9th Cir. 2011).

**3.** The BIA's denial of Xia's claim for relief under the Convention Against Torture (CAT) is supported by substantial evidence. The record does not compel the conclusion that the abuse Xia suffered in custody amounted to torture under

CAT, and she points to no evidence that she will suffer more severe abuse upon her return to China. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055–56 (9th Cir. 2006).

**PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART, and REMANDED.**

**The parties shall bear their own costs.**